Hay, Judge,
delivered the opinion of the court:
This case, which is a suit brought bj the plaintiff to recover from the United States the sum of $47,688.58, comes on to be heard upon the demurrer of the United States to the amended petition of the plaintiff.
The petition alleges that Federal Line, Inc., was a corporation existing under the laws of the State of New York; that the plaintiff, Boger B. Wood, trustee, was appointed trustee for said Federal Line, Inc., by order of the District Court of the Southern District of New York; that Federal Line, Inc., chartered from the Canadian Maritime Corporation of New York City the Br. S. S. Gaspesian for a voyage from New York to Liverpool; that the Federal Line, Inc., submitted this charter to the United States Shipping Board for its approval, and that said board approved said charter on June 29, 1918; that upon the approval of the charter Federal Line., Inc., paid the sum of $25,000 in cash to the Canadian Maritime Corporation and assumed the obligation of $100,000 to be paid prior to the sailing of the vessel from the port of New York; that Federal Line, Inc., went into the open market and secured freight contracts for and proceeded to the loading of freight for such voyage, and thereupon became obligated to transport such freight.
The petition further alleges that in-order to secure clearance from the port of New York it was necessary to secure bunker license from the War Trade Board; that on July
*194 1, 1918, Federal Line, Inc., was informed by said board that in order to obtain such license and before the same would be issued it was necessary to obtain approval therefor from the United States Shipping Board; that upon application to the United States Shipping Board, Federal Line, Inc., was informed that said board would not make approval required by the War Trade Board unless Federal Line, Inc., would pay to the Shipping Board for the use of the United States the sum of $41,688.58, and that upon such payment approval would be given; that therefore and solely for the purpose of securing such license, and under protest, Federal Line, Inc., gave a check, dated July 2, 1918, for the sum of $41,688.58, to the United States Shipping Board, and the same was presented by said board to and certified by the New York Trust Co. July 2, 1918. This check was then turned over to the Treasurer of the United States, who presented and received payment of the same through the New York Clearing House under date of July 81,1918.
The petition further alleges that such requirement by the United States Shipping Board and by the War Trade Boards was without authority, and that the United States Shipping Board had no authority to require or demand the payment of such sum, and the War Trade Board had no right or authority to make the issue of such bunker license dependent upon the payment of the same; that because of its obligations Federal Line, Inc., was obliged to make such payment or suffer loss by breach of contracts entered into with the owners of said vessel and with shippers; that demand has been made on the United States Shipping Board for the return of said amount and such demand has been refused; that the matters referred to in the petition rested on oral and not written communications; that the claim has not been transferred or assigned, and that Federal Line, Inc., and the plaintiff have always been loyal to the United States. A photostatic copy of said check is attached to the petition, marked “Exhibit A,” as well as a photostatic copy of the back of said check, marked “Exhibit B.”
The allegations of the petition show that this action is founded on tort, and based on what the petition declared *195 was an action by an agency of the United States which was without authority, and that the Federal Line, Inc., by reason of its obligations assumed to others was obligated to make the payment of the sum of money sued for. The case of United States v. Holland-America Lijn, 254 U.S. 148, is on all fours with this case and governs it. In that case the court quoted from 155 U. S. 167 as follows: “That Governments are not liable for unauthorized wrongs inflicted on the citizen by their officers, though occurring while engaged in the discharge of official duties”; and further, “Congress has wisely reserved to itself the right to give or withhold relief when the claim is founded on wrongful proceedings of an officer of the Government.” Following that case this court must sustain the demurrer to the petition, as the claim presented sounds in tort and is not within the jurisdiction of this court.
The plaintiff in support of the jurisdiction of this court cites cases which he thinks govern this case, but it appears that the same cases were relied upon by the appellee in the Holland-America Lijn case, supra, were considered by the Supreme Court of the United States in that case, and were held to be not applicable and not in conflict with the views of the court therein set out. For this reason the demurrer of the defendant to the petition of the plaintiff is sustained and his petition dismissed.
The defendant further contends that the plaintiff’s claim is barred by the statute of limitations. It appears from the allegations of the petition that the sum sued for, $47,688.58, was paid to the United States Shipping Board by a check dated July 2, 1918, that the said board sent said check to the bank on which it was drawn, and that said bank did on July 2, 1918, certify said check for said board; that the check was then transmitted to the Treasurer of the United States by whom it was collected, the check having passed in the course of collection through the New York Clearing House on July 31, 1918.
The petition of the plaintiff was filed on July 21, 1924. The check was given and accepted on July 2, 1918, and was on the same day certified for the board by the bank on *196 which it was drawn. This certification and acceptance of the check by the board in satisfaction of the amount claimed from Federal Line, Inc., closed the transaction between Federal Line, Inc., and the board, and if there was any right of action it accrued when the transaction was thus closed between the parties. When the board accepted the certified check it discharged the drawer of the check and looked solely to the bank for the payment of the check, and the bank became liable to the holder of the check. The check having been so certified, Federal Line, Inc., could no longer stop payment of the check, the money which was in the bank ceased to be the money of the drawer of the check, and became the money of the bank subject to the payment of the check which it had certified. What the board did was in effect to require the check to be certified and permit the bank to hold the money until the check was presented for payment.
We are therefore of opinion that the right of action of the plaintiff accrued on July 2, 1918, and as the petition was not filed until July 21, 1924, the plaintiff’s claim is barred by the statute of limitations, and the petition must be dismissed.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.